# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LAURIE ANN SCOFIELD, <br><br> Defendant. | No. CR06-4101-DEO <br><br> **DETENTION ORDER** |

This matter came on for detention hearing on November 27, 2006. Assistant U.S. Attorney Shawn Wehde appeared on behalf of the plaintiff (the "Government"). The defendant Laurie Ann Scofield appeared in person with her attorney, Michael L. Smart. The Government offered the testimony of Tri-State Drug Task Force Officer John Hunter Bellon.

The court must determine whether any condition or combination of conditions will reasonably assure Scofield's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Scofield as required and the safety of the community if the court finds there is probable cause to believe Scofield committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk

of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the record indicates Scofield has had almost continual involvement with law enforcement during the last twenty years. She has repeatedly been put on probation from various charges, and repeatedly has violated her probation. She has evidenced an inability to abide by any conditions of release. In addition, the record indicates Scofield has a long-standing drug addiction that has not abated despite leniency by the courts, ongoing involvement with law enforcement, and even two courses of drug treatment.

Further, Scofield has failed to offer any evidence to rebut the presumption that she is a danger to the community. The presumption arises from the charge itself – a serious drug charge involving the possession with intent to distribute a significant quantity of crack cocaine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985). Viewing the record as a whole, the court finds nothing to indicate Scofield would be able to refrain from continuing to engage in criminal activities if she were released.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Scofield is a flight risk, and by clear and convincing evidence that Scofield would be a danger to the community if released. Therefore, the court finds the following:

1. Scofield is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Scofield reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Scofield to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Scofield must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 27th day of November, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT